UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GEORGE HUDSON,

Petitioner,

v.

STATE OF NEVADA,

Respondent.

Case No. 3:25-cv-00407-ART-CLB

APPOINTMENT AND
SCHEDULING ORDER

On February 5, 2026, this Court granted Petitioner George Hudson's motion for appointment of counsel, provisionally appointed the Federal Public Defender to represent Hudson, and gave the Federal Public Defender 30 days to (1) undertake direct representation of Hudson by filing a notice of appearance or (2) indicate the office's inability to represent Hudson in these proceedings. (ECF No. 22.) On March 9, 2026, the Federal Public Defender filed a notice of conflict. (ECF No. 24.) Accordingly, alternate counsel has been located to represent Hudson.

It is therefore ordered that the provisional appointment of the Federal Public Defender is withdraw.

It is further ordered that Russell Marsh, Esq. is appointed as counsel for Hudson pursuant to 18 U.S.C. § 3006A(a)(2)(B), *nunc pro tunc*, as of March 12, 2026. Counsel will represent Hudson in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. Counsel's contact information is as follows:

Russell Marsh
Wright Marsh & Levy
300 S. 4th Street, Suite 701
Las Vegas, NV 89101
702-382-4004
russ@wmllawlv.com

It is further kindly ordered that the Clerk of Court (1) send a copy of this

1

Order to Hudson and the CJA coordinator for this division and (2) electronically provided Mr. Marsh a copy of this Order and copies of all other items previously filed in this case by regenerating the Notices of Electronic Filing.

It is further ordered that Mr. Marsh enter a notice of appearance on or before March 30, 2026.

It is further ordered that Hudson shall have until up to and including 90 days from entry of this Order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Hudson remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that Respondents shall file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of the amended petition and that Hudson file a reply thereto within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion to dismiss, shall be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural

defenses omitted from such motion to dismiss will be subject to potential waiver.

It is further ordered that, in any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that any state court record and related exhibits filed herein by either Hudson or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.). Notwithstanding LSR 3-3(c), duplicate exhibits may be filed by Respondents to create one comprehensive and chronological Index of Exhibits.

It is further ordered that courtesy copies of exhibits shall <u>not</u> be provided.

DATED THIS 17th day of March 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3